PER CURIAM.
11 Denied. Relator fails to show the state withheld material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his third application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8, Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now- been fully litigated in accord with La.C.Cr.P, art. 930.6, and this denial is final. The District Court is ordered to record a minute entry consistent with this per curiam,
^ATTACHMENT
*127 [[Image here]]
ORDER DISMISSING APPLICATION FOB. POST-CONVICTION RELIEF '
Petitioner’s previous application for post-conviction relief was based upon the holding of (he United States Supreme Court in Ictfler v. Cooper.[1] That application was dismissed on ■ February 1,2013, and petitioner's writ was denied on April 8,2013, by the First Circuit Court of Appeal based upon Code of Criminal Procedure article 930.8.[2] The Louisiana Supremo Court likewise denied petitioner’s writ application oil October 25,2013, citing the same provision of law as well as State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189,[3]
petitioner's most recent Application for Post-Conviction Relief a&ing'out of his September 19, 1990, conviction was not filed within the tune prescribed by Louisiana'Code of Criminal Procedure article 930.8. Petitioner seeks to avoid the dismissal of his claim by presenting "newly discovered evidence” to die court whioh he contends he did not previously have access to due to circumstances beyond his control as outlined in his Statement of the Case and which he urges this Court to consider in tire interest of justice. The court has thoroughly reviewed the record including the trial transcripts, and the affidavits and criminal record of the victim which arapurportedly the newly discovered evidence. Specifically, the court notes the May 21,2014, affidavit of David Ward, in which he attests that “I told (Sap) Raynord Smith, that Bush Parker, would sell him a 39. Snub Nose Pistol,” 'T returned to New Orleans, that night unaware of what Sap needed the gun for. or who,” and “Carl didn’t know Sap, had a gun but X did, because 1 knew that Bush Parker'had sold it to him” contradicts hjs recorded statement given to Slidell Police Detective John Emery on February 22,1990, wherein he stateshe did not know, the victim or his name. The court flatter finds the other affidavits of "newly discovered evidence” rife with hearsay and speculation, all of which was irrelevant to the trial of this matter and none of which justifies this court in finding an exception to the time limitations of Louisiana Code of Criminal Procedure article 930. S.'
*128 _k
Petitions? filed a Supplemental Application for Post-Conviction Relief contending that the stats violated Ms right to confront Ms accusers by introducing out of court statements by David Ward without presenting Ward as a witness subject to cross-examination. In addition to the untimeliness of these pleadings, the allegation is completely unsubstantiated by the record and the trial transcripts. Accordingly, die court finds the Supplemental Application for Post-Conviction Relief likewise untimely, repetitive and without merit,
Therefore, after considering the Application for Post-Conviction Relief, the Supplemental Application for Post-Conviction Relief and memoranda and exhibits in support thereof, the !aw and jurisprudence, as well as the entire record including the entire trial transcript,
IT IS ORDERED that the Application far Post-Conviction Relief filed by Carl Barras be dismissed. Louisiana Code of Criminal Procedure Articles 930.4 and 930.8.
IT IS FURTHER ORDERED that the Clerk of Court of the Parish of St. Tammany give notice of this dismissal to petitioner, the District Attorney for the Parish of St. Tammany, and the petitioner's custodian,
[[Image here]]
[[Image here]]

 132 S.Ct. 1376.(2012),

 State of Lousiana v. Carl Barras, Number 2013 KW 0275.

 State ex. Rel. Carl Barras v. Carl Barras, No, 2013-KH-1015.